ENSIGN & CO. v. COFFELT.

Opinion delivered February 19, 1917.

APPEAL AND ERROR—REVERSAL—RETRIAL.—Where a cause has been reversed on appeal, and tried a second time in accordance with the statements of law made by this court on the first appeal, it will be affirmed on a second appeal if the verdict is supported by the evidence.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*E. P. Watson,* for appellant.

·1.   When this case was tried before, this court held that the case was tried upon the wrong theory and in disregard of the facts that the rights of the parties must be determined by the written contract. The court again erred in its instructions to the jury. 35 Cyc. 274-5; Benjamin on Sales, 888-9, 893; 75 Ark. 503.

2. As to the right of recoupment for damages for breach of warranty, see 35 Cyc. 543-6-7.

3. Defendant was estopped. 26 Pac. 703; 114 N. W. 780. He waited too long after a discovery of defect. 53 Pac. 84; 68 *Id.* 202; 77 S. W. 489; 21 Pa. 95; 80 S. W. 857; 38 Ark. 342.

4. The remark of the court, in the former opinion, as to some defect which appellee could have corrected by some trifling outlay, etc., is *obiter dicta.*

*Rice & Dickson* and *McGill & Lindsey*, for appellee.

1. The law of this case was settled on the former appeal. 119 Ark. 1. The issues are the same. 79 Ark. 475; 122 *Id.* 491; 124 *Id.* 224. The questions are *res adjudicata,* 102 Ark. 568.

McCULLOCH, C. J. This is an action instituted by appellant to recover from appellee the amount of an alleged debt for the price of sale and installation of a private lighting plant. The apparatus was installed in appellee's house and the written contract contained an undertaking on the part of the vendor to guarantee the apparatus for the period of one year, and also undertaking to remove the apparatus if it failed to come up to the guaranties. The defense offered by appellee was that the apparatus failed to do the work it was guaranteed to do and that there was a total failure of consideration. The case was here on a former appeal from a judgment in appellee's favor and we reversed the judgment and remanded the case for new trial, the law applicable to the case being stated in the opinion. The record now before us shows that the case was tried in accordance with the statements of law made by this court on the former appeal, which statements have, of course, become the law of the case.

Learned counsel re-argue the questions settled in the former opinion, but since that opinion has become the law of the case it is too late to reconsider it on the second appeal. *Eminent Household of Columbian Woodmen* v. *Howle,* 124 Ark. 224. The evidence in the case was substantially the same as on the former trial

so far as relates to the questions raised, and since the evidence is found sufficient to support the verdict, nothing remains for us but to affirm the judgment, which is accordingly done.